**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SYDNI DONNELL FRAZIER,

   Plaintiff,

   v.

MELLISSA LYNN,

   Defendant.

Civil Action No.:  ELH-21-1111

**MEMORANDUM**

      The above-captioned civil rights complaint, filed by Sydni Donnell Frazier pursuant to 42 U.S.C. § 1983, was received on May 6, 2021 (ECF 1, ECF 1-1), together with a Motion to Proceed in Forma Pauperis.  ECF 2.  Plaintiff, who is self-represented, is currently incarcerated at Northern Neck Regional Jail in Warsaw, Virginia ("Northern Neck" or "NNRJ").  He has sued Mellissa Lynn, of the United States Marshal Service in Baltimore, alleging the violation of his Sixth and Eighth Amendment rights while he was housed at Northern Neck.  ECF 1-1 at 1.

      Specifically, plaintiff claims that, while at Northern Neck on February 2, 2021, and April 21, 2021, he was assaulted by staff members at NNRJ.  ECF 1-1 at 1, 3, 4.  He also claims that he has been denied access to showers, housed in segregation, and had his mail illegally opened by jail staff.  *See id.* at 1-4.  He seeks to hold defendant Mellissa Lynn responsible for his injuries because she has failed to transfer him to a federal facility.  *See id.* at 3, 4.  Plaintiff seeks monetary compensation and a transfer to a federal facility.  ECF 1 at 3.

      In addition, plaintiff contends that defendant Lynn was notified on multiple occasions that plaintiff had been verbally and physically assaulted, but that defendant Lynn said, "he's not going

no where until designated." *Id.* at 3, 4.  Plaintiff does not explain, however, what constitutional violation stems from this alleged statement.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this Complaint and to dismiss a complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

To comply with the Federal Rules of Civil Procedure, the Complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant.  *See* Fed. R. Civ. Proc. 10(a).  Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Under Rule 8(d)(1), each allegation in the Complaint should be "simple, concise, and direct."  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than those drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).  And, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants.  *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Here, the Complaint is deficient because plaintiff does not identify as defendants any of the individuals involved in the alleged incidents. Nor does he provide sufficient information regarding the details of the alleged assaults. Additionally, plaintiff fails to provide any information describing the context of his placement in segregation. Plaintiff also fails to identify who is allegedly responsible for denying him shower access or requiring him to shower while shackled or any other details about the issues he asserts have been ongoing since February 2021.

Only one defendant is named in the suit. Although the Complaint provides a Maryland address for the sole defendant, it is the street address for this Court, and does not establish defendant as a Maryland resident. Therefore, the Court cannot be certain that there is diversity jurisdiction. *See* 28 U.S.C. § 1332. And, as pleaded, federal question jurisdiction is not readily apparent. Moreover, all of the incidents described in the Complaint occurred in Warsaw, Virginia. Therefore, it is not clear that Maryland is the proper venue for this case.

Plaintiff will be provided an opportunity to file an Amended Complaint. It is due within 28 days of the date of docketing this Order, and must include the necessary allegations regarding the claims, as directed below.

In drafting the Amended Complaint, plaintiff should include the name or description of each individual he claims is responsible for the alleged wrongdoing; what federal law or constitutional provision he is alleging they violated; the dates of the alleged incidents; a description of the harm plaintiff suffered in each instance; who committed the particular acts or omissions; the facts describing the actions taken or the omissions made by each individual defendant in support of his claims; and the injuries suffered. Plaintiff will be provided a copy of the Court's civil rights complaint form to use for his Amended Complaint.

The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the Amended Complaint must include all of the allegations against each of the defendants, so that the Amended Complaint may stand alone as the sole complaint in this action, to which defendants must respond.

Failure to comply with this Order may lead to dismissal of the case, without prejudice.

An Order follows.

Date:  May 21, 2021                                                        /s/
                                                                        Ellen L. Hollander
                                                                        United States District Judge